UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:12-CV-39

GILBERT FUTRELL and
FUOCO, LLC                                                                                    PLAINTIFFS

v.

THE ESTATE OF JAMES R. DAVIDSON, deceased,
through its personal representative,
MICHAEL DAVIDSON                                                                  DEFENDANT

## MEMORANDUM OPINION

The Defendant moves the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. Dismiss, Docket Number ("DN") 4. The Plaintiffs have responded. Pls.' Resp., DN 6. Briefed by both parties, this matter is now ripe for adjudication. Because the Court lacks subject-matter jurisdiction the Defendant's motion to dismiss will not be addressed. Instead, this case is REMANDED to the Circuit Court of Cumberland County, Kentucky.

I.

As developed at this nascent stage, the relevant facts are as follows. The decedent, James Davidson ("decedent"), died intestate in Cumberland County, Kentucky on May 15, 2011. The decedent's son, Michael Davidson ("Defendant" or "personal representative"), was appointed administrator of the estate by the Probate Division of the Cumberland County District Court on June 27, 2011. On December 21, 2011, the Plaintiffs, Gilbert Futrell and FUOCO, LLC ("Plaintiffs") submitted a written proof of claim against the decedent's estate to the personal representative.[1] The proof of claim alleged that the decedent was liable to the Plaintiffs for an

---

[1] In accordance with Kentucky law, the Plaintiffs had to submit the written proof of claim in order to preserve it against the decedent's estate. *See* KRS §§ 396.011(1), 396.015(1).

"unliquidated amount of special damages" arising out of a previously commenced state court case. Proof of Claim, DN 4-1, ¶ 5. The present case is only properly understood in light of the facts underlying the pending state court action.

At the time of his death certain corporations owned by the decedent had been involved in a prolonged civil litigation in state court. The state court granted the Plaintiffs summary judgment against the decedent's corporations in late 2003 or early 2004. On May 25, 2005, the Plaintiffs amended their state court pleadings to include individual capacity claims against the decedent that were similar to those previously filed against his corporations. The Plaintiffs brought these claims in an attempt to pierce the corporate veil and collect against the decedent in his individual capacity. Although summary judgment was granted to the Plaintiffs against the corporations, the individual capacity claims asserted against the decedent have not been resolved or otherwise reduced to a judgment. The individual capacity claims remaining pending in the underlying state court action.

The written proof of claim submitted against the decedent's estate by the Plaintiffs asserted that the decedent was liable to the Plaintiffs for the individual capacity claims pending in state court. The claim was submitted to the personal representative within sixty days of his appointment. On December 28, 2011, the personal representative notified the Plaintiffs that their proof of claim was disallowed. *See* Notice of Disallowance, DN 1-1, p. 6. That notice also stated that the "claim is barred unless the claimant commences an action against the personal representative not later than sixty (60) days after the mailing of this notice." *Id.* On February 24, 2012, the Plaintiffs filed a new civil action in Cumberland County Circuit Court against the personal representative for the amount of the disallowed claim. Thereafter, on March 21, 2012, the personal representative removed this action to federal court based solely on diversity

jurisdiction found in 28 U.S.C. § 1332.  Notice of Removal, DN 1, ¶ 5.  The Plaintiffs are citizens of North Carolina. *Id.* at ¶ 2.  The personal representative and the decedent are citizens of Kentucky. *Id.* at ¶ 3.

## II.

A case "otherwise removable solely on the basis of [diversity jurisdiction found in 28 U.S.C § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is commonly known as the "forum defendant rule" and can be stated in simpler terms: where a defendant has been sued in a court of the state where he or she is a citizen, the defendant may not remove to federal court solely on the basis of diversity.  Any attempt to remove by the defendant in such a situation must be remanded for lack of subject-matter jurisdiction.[2]

"The question of subject matter jurisdiction may be raised at any time, whether at the suggestion of the parties or *sua sponte* by the court." *Lexington-Fayette Urban Cnty. Gov't Civ. Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)).  Although the issue has not been addressed by the Sixth Circuit, courts in this district treat the forum defendant rule as jurisdictional issue rather than a procedural one. *See Regions Bank v. Am. Justice Sch. of Law, Inc.*, No. 5:08-CV-134-M, 2009 U.S. Dist. LEXIS 26718, at *17 (W.D. Ky. March 30, 2009) ("[T]he Court finds that the forum defendant rule is jurisdictional and that it has an obligation to raise the removal defect sua sponte."); *Wooten v. Greenview Hosp.*, No. 1:10-CV-00034-TBR, 2010 U.S. Dist. LEXIS 41673, at *8-11 (W.D. Ky. April 28, 2010) (same).  Accordingly, the Court has the authority to address

---

[2] One exception should be acknowledged.  In *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699 (1972), the Supreme Court held that when a case is improperly removed but is tried to judgment on the merits without objection, a party waives his right to later raise the issue of lack of subject-matter jurisdiction at the time of removal.  The *Grubbs* exception is not at issue in this case because there has been no judgment on the merits.  Indeed, this case has only been in federal court for a few weeks and discovery has not commenced.

jurisdictional issues even if they were not raised by the parties. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("A federal court always has jurisdiction to determine its own jurisdiction.").

### III.

The Plaintiffs have not raised the forum defendant rule, but because it raises a jurisdictional issue, the Court does so *sua sponte*. In the present case, application of the rule is straightforward and beyond controversy. The personal representative has admitted that both he and the decedent are citizens and residents of Cumberland County, Kentucky. Notice of Removal, DN 1, ¶ 3. Furthermore, he acknowledges that the Plaintiffs are citizens and residents of Davidson County, North Carolina. *Id.* at ¶ 2. Additionally, there is no dispute that the Plaintiffs' original state court complaint was filed in the Cumberland County Circuit Court. *Id.* at ¶ 1. Therefore, it is clear that the personal representative and the decedent's estate were sued in a court of the state where they are citizens. Under such circumstances, 28 U.S.C. § 1441(b)(2) prohibits them from removing to federal court solely on the basis of diversity.

The logic behind the forum defendant rule is well-founded and reasonable. "In diversity cases, removal jurisdiction was designed to protect nonresident defendants from any perceived prejudice or preference of the state court regarding the resident plaintiffs." 16 James Wm. Moore, *Moore's Federal Practice,* § 107.03 (3d ed. 2012). Where a defendant is sued in his or her state of citizenship, "it makes no sense to allow an in-state defendant to take advantage of removal." *Id.* § 107.14[2][e][i]. "The forum defendant rule reflects the notion that there is no concern about favoritism by local courts towards a nonresident plaintiff, so there is no need to protect a resident defendant by allowing resort to federal court." *Davenport v. Toyota Motor Sales, USA, Inc.*, No. 09-CV-532-JPG, 2009 U.S. Dist. LEXIS 116287, at *6 (S.D. Ill. Dec. 14,

4

2009) (citation omitted).  Simply put, the prejudices and preferences justifying removal jurisdiction are not present in situations, like the one at bar, where the defendant is sued in his or her state of citizenship.

## CONCLUSION

The Defendant's sole ground for removal was diversity of citizenship.  Removal was improper, however, because the Defendant was sued in a court of the state where he is a citizen.  Under the terms of the forum defendant rule the Court lacks jurisdiction to hear this case.  Because the case was improperly removed,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court of Cumberland County, Kentucky, and this matter is to be **STRICKEN** from the Court's docket.